**CARROLL, Appellee,**

**v.**

**DETTY, Appellant.**

[Cite as *Carroll v. Detty* (1996), 113 Ohio App.3d 708.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 95 CA 2169.

Decided Aug. 27, 1996.

*Nicole S. Moss,* for appellee.

*James T. Boulger,* for appellant.

PETER B. ABELE, Presiding Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas, Juvenile Division, finding Alonzo H. Detty, defendant below and appellant herein, in contempt of court for failure to pay child support.

Appellant assigns the following errors:

First Assignment of Error:

"The trial court erred to the prejudice of the defendant when it proceeded to hearing, made a finding of contempt, and executed sentence upon the defendant when the record before it failed to establish that the defendant had received service of a summons meeting the requirements set forth in Section 2705.031(C) of the Ohio Revised Code."

Second Assignment of Error:

"The trial court erred to the prejudice of the defendant in finding him guilty of the charge of failure to pay child support, such charge never having been filed as a criminal complaint in the court and the court having failed to provide notice of criminal contempt charges."

Third Assignment of Error:

"The trial court's finding that the defendant was in contempt of the court's previous support order was against the manifest weight of the evidence, there being uncontroverted evidence that the defendant was unable to pay the support as ordered."

The relevant facts are not in dispute. On September 5, 1995, appellee filed a motion asking the trial court to find appellant in contempt for failure to comply with the court's June 17, 1994 child support order. The trial court heard the motion on December 4, 1995. In the December 4, 1995 entry journalizing the court's decision, the court wrote as follows:

"Based upon the evidence and testimony presented, it is the finding of the Court that the defendant, Alonzo Detty, III, is Guilty as charged, to wit: Failure to pay child support.

"It is the order of the Court that the defendant, Alonzo Detty, III, be sentenced and confined to the Ross County Jail for a period of thirty (30) days."

Appellant filed a timely notice of appeal.

We will first consider appellant's second assignment of error. Appellant asserts that the trial court erred by not affording him an opportunity to purge himself of the contempt. We agree with appellant.

 The obligation to pay child support is statutory in Ohio under R.C. 3103.03. A court order providing child support necessarily involves a finding by the court that the obligor is able to pay. The burden is on the obligor by allegations and proof to establish his or her inability to pay. *State ex rel. Cook v. Cook* (1902), 66 Ohio St. 566, 64 N.E. 567. Because a child support obligation does not fall within the meaning of "debt" as defined in Section 15, Article I of the Ohio Constitution, an order to pay support may be enforced through contempt proceedings. R.C. 2705.031 authorizes a party who has a legal claim to child support to initiate a contempt action against the obligor for failure to pay child support.

 Contempt is a disregard of, or disobedience to, an order or command of judicial authority. *State v. Flinn* (1982), 7 Ohio App.3d 294, 7 OBR 377, 455 N.E.2d 691. Contempt may be classified as civil or criminal.[1] These two types may be distinguished by the character and purpose of the punishment imposed. The punishment for civil contempt is remedial or coercive in nature and for the benefit of the complainant, *i.e.*, conditional fines and prison sentences. *Pugh v. Pugh* (1984), 15 Ohio St.3d 136, 15 OBR 285, 472 N.E.2d 1085; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610. The purpose of the punishment for criminal contempt is punitive and not coercive, *i.e.*, usually unconditional fines or prison terms. *Id.; In re Carroll* (1985), 28 Ohio App.3d 6, 28 OBR 15, 501 N.E.2d 1204; *In re Straub* (Feb. 13, 1992), Ross App. No. 1728, unreported, 1992 WL 37781. The burden of proof in a civil contempt action is clear and convincing evidence and in a criminal contempt action it is beyond a reasonable doubt. *Brown.* Proof of purposeful, willing, or intentional violation of a trial court's prior order is not required in civil contempt. *Pugh.*

We cannot reverse a finding of contempt by a trial court unless that court abused its discretion. *State ex rel. Ventrone v. Birkel* (1981), 65 Ohio St.2d 10, 19 O.O.3d 191, 417 N.E.2d 1249. Abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin* (1993), 67 Ohio St.3d 487, 620 N.E.2d 72; *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. *In re Jane Doe I*

---

1. Contempt may further be classified as direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. R.C. 2705.01. Indirect contempt occurs outside the presence of the court and shows a lack of respect for the court or its lawful orders. *State v. Drake* (1991), 73 Ohio App.3d 640, 643, 598 N.E.2d 115, 117–118. Failure to comply with a child support order is an indirect contempt of court. R.C. 2705.02(A); *Courtney v. Courtney* (1984), 16 Ohio App.3d 329, 16 OBR 377, 475 N.E.2d 1284.

(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 559 N.E.2d 1301.

█ A sanction for civil contempt must allow the contemnor an opportunity to purge himself or herself of contempt. *In re Purola* (1991), 73 Ohio App.3d 306, 596 N.E.2d 1140; *Fry v. Fry* (1989), 64 Ohio App.3d 519, 582 N.E.2d 11; *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 10 OBR 364, 461 N.E.2d 1337. In *Tucker*, the court held that a civil contempt order suspending punishment on the condition that the contemnor comply in the future by paying his child support obligation did not properly allow for purging. The court stated as follows:

"Had the order provided for suspending the jail sentence on condition that plaintiff purge himself of his violation of the support order by paying the arrearage, it would have provided a true opportunity for purging. However, insofar as it purports to regulate future conduct, it simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing, and determination." 10 Ohio App.3d at 252, 10 OBR at 365–366, 461 N.E.2d at 1339. See, also, *Miller v. Miller* (Apr. 29, 1994), Wood App. No. 93WD061, unreported, 1994 WL 159537; *Hickey v. Hickey* (Sept. 2, 1992), Licking App. No. 92CA07, unreported, 1992 WL 283433; *Lyons v. Lyons* (Mar. 19, 1987), Crawford App. No. 3-85-22, unreported, 1987 WL 8156; *McCrea v. McCrea* (Nov. 20, 1986), Cuyahoga App. No. 51324, unreported, 1986 WL 13344.

█ In the case *sub judice*, we are dealing with civil contempt. Hence, the purpose of the contempt was to ensure compliance with the court's orders for the benefit of appellee. See *Pedone v. Pedone* (1983), 11 Ohio App.3d 164, 11 OBR 247, 463 N.E.2d 656. It was coercive and not punitive. We note, however, that the court's order imposing the contempt sanction upon appellant does not permit appellant to purge himself of the contempt by paying the owed arrearage.[2] Because the court order did not afford appellant a sufficient opportunity to purge himself of the contempt, we find that the trial court abused its discretion when it sanctioned appellant with a jail sentence.

---

**2.** Appellee contends in her brief that the trial court did in fact permit appellant to purge himself of the contempt. Appellee notes that the the trial court stated that it would "upon appropriate application consider" a motion from appellant allowing him to purge the contempt. In this regard, we note that it is axiomatic that a trial court speaks only through its journal entries and not by oral pronouncement. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293; *State v. King* (1994), 70 Ohio St.3d 158, 162, 637 N.E.2d 903, 906; *In re Adoption of Gibson* (1986), 23 Ohio St.3d 170, 173, 23 OBR 336, 337–338, 492 N.E.2d 146, 149, fn. 3.

Based on our decision regarding appellant's second assignment of error, we find that appellant's first and third assignments of error are rendered moot. Therefore, we need not address them on the merits.

Accordingly, based on the foregoing reasons, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

*Judgment accordingly.*

STEPHENSON and KLINE, JJ., concur.