DECISION AND JUDGMENT ENTRY
{¶ 1} Keith Dodson appeals from his thirty-day commitment following the trial court's finding that he was in contempt of court. Dodson argues the trial court found him in civil contempt because he failed to pay child support, which requires that the court allow him an opportunity to purge his contempt. However, our review of the record reveals the trial court found Dodson in contempt for failure to appear for a scheduled hearing, which is criminal contempt. In criminal contempt proceedings, trial courts are not required to offer defendants an opportunity to purge contempt before imposing sentence. Thus, we affirm Dodson's thirty-day commitment.
 {¶ 2} In October 2000, the Lawrence County Common Pleas Court, Juvenile Division held a hearing to fix the amount of Keith Dodson's child support arreage. However, Dodson failed to appear for the hearing. Nevertheless, the court issued a Magistrate's Decision finding him $2,991.30 in arrears of his obligation to pay child support. Later that month, the trial court approved the Magistrate's Decision. Dodson has not appealed that decision.
 {¶ 3} In February 2001, the Lawrence County Child Support Enforcement Agency (CSEA) filed a motion with the trial court to hold Dodson in contempt of court for failure to pay child support. Dodson replied by filing a Civ.R. 60(B) motion for relief of judgment because, he argued, the trial court failed to serve him with notice of the October 2000 hearing, which set the amount of arreage. Following a hearing before a magistrate, the court denied Dodson's Civ.R. 60(B) motion and set October 9, 2001, as the date to hear the CSEA's motion for contempt for failure to pay child support. Later, the trial court approved this decision and Dodson did not appeal it.
 {¶ 4} However, Dodson failed to appear for the October 9, 2001 hearing. As a result, the court issued a capias for his arrest and re-scheduled the CSEA's contempt hearing for October 26, 2001. But, on October 10, 2001, before the court actually issued the capias, Dodson voluntarily appeared before the court. At that time, the court demanded that Dodson show cause why it should not hold him in contempt for failure to appear for the October 9, 2001 hearing. The transcript from this hearing indicates the trial court found Dodson in contempt of court for failing to appear at the October 9, 2001 hearing, and set October 26, 2001, as the hearing date to determine his penalty for this contempt. Unfortunately, the trial court did not issue a judgment entry following the October 10, 2001 hearing. But, the court's judgment entry following the October 26, 2001 hearing, stated: "[t]his motion came to be heard on the 26th day of October 2001, upon an order of the Court to determine the Defendant, Keith Dodson's, penalty phase as a result of the party being found in contempt on October 10, 2001 for non-compliance with a previous court order and to speak to a matter of Child Support Arreage, as filed by the Lawrence County Child Support Enforcement Agency."
 {¶ 5} The remainder of the court's October 26, 2001 judgment entry found that Dodson was now $5,963.54 in arrears for child support and set-up a repayment schedule for him. The court also scheduled a review hearing for December 3, 2001, "for compliance with the aforementioned court orders." However, the judgment entry does not reveal that the court found Dodson in contempt for failure to pay child support and did not set the penalty for Dodson's October 10, 2001 contempt for failure to appear.[1] On December 3, 2001, the court continued the case until December 13, 2001. The court's judgment entry following the December 3, 2001 hearing indicated that it continued the hearing "to allow the defendant two more weeks to comply with all court orders." The court's December 13, 2001 judgment entry states, "[t]he Court after reviewing the evidence, found that child support payments must be made. The Court will impose the thirty day jail sentence in regards to the contempt, but delay the commitment and review in approximately 45-60 days."
 {¶ 6} The court held the review hearing on March 11, 2002, but Dodson failed to appear for it and the court again issued a capias for his arrest. The court re-scheduled the hearing for April 16, 2002, but, once again, Dodson failed to appear. As a result, in its judgment entry, the court continued the capias it originally ordered for Dodson's failure to appear at the March 11, 2002 hearing. On July 18, 2002, the Lawrence County Sheriff's Office executed the capias and brought Dodson before the court. The court continued the case "for hearing on the issue of whether Keith Dodson be held in contempt for violation of a Court Order and on the previous Court Order for imposition of contempt sentence with a delayed commitment." The court scheduled its next hearing for September 10, 2002.
 {¶ 7} At the September 10, 2002 hearing, the court found Dodson in contempt for failure to appear at the March 11, 2002 hearing. In addition, the court stated: "[i]n regards to Mr. Dodson's serving of the commitment ordered on December 13, 2001, the Court orders the commitment to begin immediately and remands Mr. Dodson into the hands of the Sheriff. The court finds the thirty day [sic] commitment was ordered to be served as a consequence of a previous contempt finding.: Following this judgment entry, Dodson appealed, assigning the following error: "The trial court erred and abused its discretion in sentencing appellant Keith Dodson to jail without giving him an opportunity to purge himself of contempt."
 {¶ 8} Contempt is a disregard of, or disobedience to, an order or command of judicial authority. First Bank of Marietta v. Mascrete, Inc. (1998), 125 Ohio App.3d 257, 263, 708 N.E.2d 262. We will not reverse a finding of contempt by a trial court unless that court abused its discretion. State ex rel. Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69,75, 573 N.E.2d 62. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Xie (1992),62 Ohio St.3d 521, 527, 584 N.E.2d 715. When applying this standard of review, we are not free to substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-38, 566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301. This deferential standard of review is necessary because the trial court is in the best position to judge the credibility of testimony due to its ability to observe the witness' demeanor, gestures and voice inflections. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273.
 {¶ 9} Courts may classify contempt as direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. R.C. 2705.01. Indirect contempt constitutes those acts occurring outside the presence of the court that show a lack of respect for the court or its lawful orders. State v. Drake (1991), 73 Ohio App.3d 640, 643,598 N.E.2d 115. Further, courts may classify contempt as civil or criminal. State ex rel. Johnson v. Perry Cty. Court (1986),25 Ohio St.3d 53, 55, 495 N.E.2d 16. This classification depends upon the character and purpose of the punishment imposed. Courts impose civil contempt when it will benefit the complainant, thus, the punishment is remedial or coercive in nature. Pugh v. Pugh (1984), 15 Ohio St.3d 136,139, 472 N.E.2d 1085; Carroll v. Detty (1996), 113 Ohio App.3d 708, 711,681 N.E.2d 1383. Courts impose criminal contempt in order to punish the contemnor, thus, courts characterize it by an unconditional prison term or fine. Id.
 {¶ 10} Civil and criminal contempt also vary in a number of other respects. For example, the burden of proof for civil contempt is clear and convincing evidence. Carroll, 113 Ohio App.3d at 711. However, the burden of proof for criminal contempt is beyond a reasonable doubt. Brownv. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 416 N.E.2d 610, syllabus. Moreover, unlike criminal contempt, before a trial court may impose a sentence for civil contempt, it must allow the contemnor an opportunity to purge him or herself of the contempt. Carroll,113 Ohio App.3d at 712. Finally, unlike civil contempt, criminal contempt requires proof of a purposeful, willing, or intentional violation of a trial court's order. Id. at 711.
 {¶ 11} It is often difficult to find a clear line of distinction between criminal and civil contempt. State ex rel. Johnson,25 Ohio St.3d at 55. In order to determine whether contempt is civil or criminal in nature, it is necessary to determine the purpose behind the sanction.Brown, 64 Ohio St.2d at 254. Normally, courts view contempt proceedings in domestic cases as civil in nature because their purpose is to coerce or encourage future compliance with the court's orders. Evans v. Cole, Jackson App. No. 00CA17, 2001-Ohio-2486. However, courts view contempt proceedings for failure to appear as criminal in nature because their purpose is to "vindicate the authority of court." In re Schisler (Dec. 15, 1997), Scioto App. No. 97CA2485. Moreover, since the failure to pay child support and the failure to appear occur outside the presence of court and they show a lack of respect for the court, courts view them as indirect contempt. In re Purola (1991), 73 Ohio App.3d 306, 310-11,596 N.E.2d 1140.
 {¶ 12} Here, all of the parties contend the trial court found Dodson in civil contempt for failure to pay child support. However, the only item in the record that supports this assertion is the transcript from the October 26, 2001 hearing. This is not enough to find Dodson in contempt for failure to pay child support because courts of record in Ohio speak only through their judgment entries, not by oral pronouncement. State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158, 163,1995-Ohio-278, 656 N.E.2d 1288. Thus, since the trial court did not reduce its contempt finding to a judgment entry, it has never found Dodson in contempt for failure to pay child support.
 {¶ 13} But, the trial court did find Dodson in contempt for failure to appear. In its judgment entry following the October 26, 2001 hearing, the trial court stated that it found Dodson in contempt on October 10, 2001. While the court's judgment entry did not specify why it found Dodson in contempt, the transcript from the October 10, 2001 hearing reveals the court found him in contempt for failure to appear on October 9, 2001. Therefore, the trial court properly found Dodson in contempt because it spoke through its October 26, 2001 judgment entry. Thus, on December 13, 2001, when the court ordered a thirty-day commitment as the penalty phase for Dodson's contempt, he was only in contempt for failing to appear at the October 9, 2001 hearing.
 {¶ 14} In his assignment of error, Dodson argues the trial court abused its discretion in not allowing him an opportunity to purge himself of contempt. But, since contempt for failure to appear is indirect criminal contempt, the court was not required to allow Dodson the opportunity to purge himself of the contempt. Moreover, the fact that the court suspended the commitment in order to allow Dodson additional time to pay child support does not change the contempt from criminal to civil. The purpose of the contempt continued to be to punish Dodson for his failure to appear. However, intertwined with this purpose, was the court's awareness that the most important and immediate concern remained the payment of the child support. Thus, we cannot read the court's suspension of Dodson's thirty-day commitment as an attempt to coerce Dodson to pay his child support. Rather, the court's suspension evidences its realization that Dodson could not possibly pay child support while behind bars for thirty days. Thus, it is clear to us that the court suspended Dodson's thirty-day commitment so that he could "catch up" on his child support obligation before it would impose its punishment for failure to appear.
 {¶ 15} The transcript from the October 10, 2001 hearing bolsters this belief. There, the court continued the case to determine Dodson's penalty for failure to appear and stated, "I would encourage [sic] that we're going to find some activities in regards to child support. * * * That's not to imply how that may impact the final decisions or orders of the court on the two issues that are before us."[2] Thus, the transcript reveals the trial court's intention to allow Dodson to "catch up" on his child support obligation, rather than allowing him an opportunity to purge his contempt. If the court meant for its contempt finding to be civil, it would have allowed Dodson an opportunity to purge his contempt by clearly indicating that it would lift the contempt sanction if he paid child support as ordered.
 {¶ 16} Since the trial court found Dodson in contempt for failure to appear, which is indirect criminal contempt, it was not required to allow him an opportunity to purge himself of the contempt. Thus, our inquiry ends and Dodson's assignment of error is overruled because he does not argue, and the record does not reflect, that the court abused its discretion in finding him in contempt for failure to appear.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J: Concur in Judgment Opinion.
[1] The transcript from the October 26, 2001 hearing indicates that the court found Dodson in contempt for failure to pay child support. However, the court never replicated this finding in a judgment entry.
[2] The two issues before the court were the penalty phase for the October 10, 2001, contempt for failure to appear and the hearing on whether Dodson was in contempt for failure to pay child support.