JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Elizabeth G. Marx appeals the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which found her in contempt of court for failing to comply with a judgment entry of divorce. She also disputes the court's purge order and award of attorney's fees. For the reasons that follow, we affirm.
 {¶ 2} Appellant and her former husband Joel D. Marx, appellee, were divorced on June 28, 2000, pursuant to an agreed judgment entry which incorporated a separation agreement and shared parenting plan. The separation agreement awarded appellee the marital home and provided that "[w]ife will vacate the marital home on or before September 1, 2000 and will not do any damage to the home." Also, appellant was required to "pay utilities in the marital home from date of the journalization of divorce decree until [w]ife vacates the home." With respect to the division of household goods, the agreement provided in relevant part that "[h]usband shall retain as his property all household furniture, furnishings, appliances, fixtures, books, items of art, linens, silverware, dishes and all other tangible property presently in his possession or under his control." In addition, appellee was to receive certain specific items that were set forth on Exhibit "A" to the agreement.
 {¶ 3} On October 19, 2000, appellee filed a motion to show cause alleging appellant failed to comply with the terms of the divorce decree. A hearing was held on September 21, 2001 before a court magistrate. The magistrate issued a decision with findings of fact and conclusions of law on February 8, 2002.
 {¶ 4} The magistrate found that appellant was in contempt for violating the divorce decree by failing to move from the former marital residence on September 1, 2000 and for failing to comply with the terms of the division of personal property. The magistrate also found that appellant was obligated to pay the utility bills from June 28, 2000 through September 8, 2000. Additionally, the magistrate found appellee was entitled to $2,000 toward his attorney's fees.
 {¶ 5} The magistrate recommended that the court find appellant in contempt and sentence her to 30 days in jail, suspended on the condition that she purge her contempt by doing the following within 30 days of journalization of the order:
 {¶ 6} "1. Return to Defendant Joel Marx the Dali book, tools not including yard tools, fireplace tools, tapes, floor lamp with table, the Casio electric piano, bowls from Siapan [sic], and the treble clef piano lamp.
 {¶ 7} "2. Do whatever is necessary to retrieve the handguns from the Pepper Pike Police Department and turn them over to Defendant Joel Marx or take whatever steps are necessary for the Pepper Pike Police Department to release the handguns to Defendant.
 {¶ 8} "3. Plaintiff shall pay to Defendant $1,114.00 as reimbursement for his alternative housing during the additional week she stayed in the marital home.
 {¶ 9} "4. Plaintiff shall pay to Defendant $185.00 as and for the cost of the repair of the toilet.
 {¶ 10} "5. Plaintiff shall pay to Defendant as and for his attorney fees $2,000.00."
 {¶ 11} In addition, but not a condition of the purge order, appellant was ordered to pay $1,113.66 for the utility bills within thirty days. In the event appellant failed to purge her contempt, she was still required to pay the $2,000 attorney's fees. She also would remain subject to the court ordering the sentence into execution or, in the alternative, ordering her to not less than 200 hours community service plus the sum of $65 for administrative costs.
 {¶ 12} Appellant filed objections to the magistrate's decision and a transcript of proceedings on May 6, 2002. The trial court overruled appellant's objections and adopted the magistrate's decision in its entirety on October 8, 2002.
 {¶ 13} Appellant appeals the judgment of the trial court and raises three assignments of error for this court's review:
 {¶ 14} "I. The Trial Court Abused its Discretion Finding the Appellant, Elizabeth G. Marx in Contempt of Court for Alleged Violations of the Judgment Entry of Divorce."
 {¶ 15} R.C. 2705.02 provides that disobedience of a lawful order of the court may be punished as for a contempt. Therefore, contempt proceedings may be brought against a party for failing to comply with a property division in a divorce decree. See Harris v. Harris (1979),58 Ohio St.2d 303. In reviewing a lower court's finding of contempt, an abuse of discretion standard is applied. Marden v. Marden (1996),108 Ohio App.3d 568, 571.
 {¶ 16} Appellant argues that the trial court abused its discretion in finding her in contempt of court since she complied with the divorce decree to the best of her ability.
 {¶ 17} The divorce decree, which was entered on June 28, 2000, required appellant to vacate the marital home on or before September 1, 2000. The court found that appellant did not vacate the home until September 9, 2000. The court also found that as a result of appellant's failure to timely vacate the home, appellee had to secure alternate housing from September 3, 2000 through September 9, 2000.
 {¶ 18} Under the terms of the divorce decree, appellant was not to do any damage to the marital home. The court found the home was a "pigsty" when appellant vacated it. However, based on the evidence presented, the only item clearly found to have been damaged since the divorce was the toilet.
 {¶ 19} The divorce decree further provided for a division of property under which appellee was to retain certain items that were specifically listed together with "any pre-marital items he may have overlooked." Upon a review of the evidence, the court found that several items were not left for appellee including a Dali book, tools other than yard tools, fireplace tools, tapes, a floor lamp with table, a Casio electric piano, bowls from Saipan, and a treble clef piano lamp. The court also found that appellant turned over appellee's handguns to the Pepper Pike Police Department.
 {¶ 20} In view of the trial court's findings, we conclude the trial court did not abuse its discretion by holding appellant in contempt for disobeying the divorce decree. Appellant's first assignment of error is overruled.
 {¶ 21} "II. The Trial Court Abused its Discretion in Imposing a Purge Order that was Clearly Punitive and Excessive Upon the Appellant, Elizabeth G. Marx."
 {¶ 22} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. A reviewing court utilizes an abuse of discretion standard in reviewing the sanctions. Burchett v.Miller (1997), 123 Ohio App.3d 550. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt.Carroll v. Detty (1996), 113 Ohio App.3d 708, 712. A trial court abuses its discretion by ordering purge conditions which are unreasonable or where compliance is impossible. Burchett, supra. The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy. See Szymczak v. Szymczak
(2000), 136 Ohio App.3d 706, 713; Schuman v. Cranford, Vinton App. No. 02CA571, 2003-Ohio-2117; Whitman v. Monastra (Oct. 5, 2000), Cuyahoga App. No. 76633.
 {¶ 23} Appellant argued in her brief that the conditions of the purge order were burdensome and improper under the circumstances. We will review each of the conditions separately.
 {¶ 24} The first condition of the purge order required appellant to return certain items of personal property that the trial court determined belonged to appellee pursuant to the divorce decree. This condition was consistent with the trial court's findings and was reasonable.
 {¶ 25} The second condition of the purge order required appellant to take the necessary steps for the retrieval or release of the handguns from the Pepper Pike Police Department. Appellant argues that it is unreasonable to impose a condition that is out of her control since the handguns are in the possession of the police department. The magistrate's decision indicated that appellant turned the guns over to the police department because she did not want them in the home. There is no evidence in the record to establish that appellant could not take the necessary steps to retrieve the handguns from the police department. However, insofar as this condition is not entirely within the control of appellant, the condition is unreasonable.
 {¶ 26} The third and fourth conditions required appellant to pay appellee $1,114 for reimbursement of his alternative housing, and $185 for the cost to repair the toilet. The court found that appellee had to obtain alternative housing as a result of appellant's failure to vacate the marital home by September 1, 2000. The court also found that the toilet had been damaged since the divorce. Accordingly, we find the third and fourth conditions of the purge order are consistent with the trial court's findings and are reasonable.
 {¶ 27} The fifth condition required appellant to pay appellee $2,000 for his attorney's fees. The trial court reviewed the itemization of legal services that was admitted into evidence, determined 10.8 hours were spent on the motion to show cause, and calculated the fees according to reasonable billing rates. This condition was reasonable.
 {¶ 28} We find the trial court did not abuse its discretion in imposing the conditions of the purge order, except with respect to the second condition pertaining to the handguns. However, because the parties have represented to the court that this purge condition has been satisfied, any objection to the condition is rendered moot.[1]
Appellant's second assignment of error is overruled.
 {¶ 29} "III. The Trial Court Erred in Awarding the Appellee Attorney Fees."
 {¶ 30} In divorce proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including post-decree motions, if the court determines that the other party has the ability to pay the attorney's fees that the court awards. R.C. 3105.21(H). An award of attorney's fees in a domestic relations matter is committed to the sound discretion of the trial court. As such, the court's decision to grant attorney's fees will not be reversed absent an abuse of discretion. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371;Rand v. Rand (1985), 18 Ohio St.3d 356, 359.
 {¶ 31} Appellant argues that the trial court abused its discretion by imposing fees without making a finding that appellant could reasonably afford to pay the attorney's fees incurred by appellee. The record does not support this conclusion. Under the terms of the separation agreement, appellant was to receive $100,000 additional property division for her interest in the marital home, certain accounts and stocks, and $3,250 per month in spousal support. Further, while a specific finding was not made by the trial court on this issue, such a finding is not required in a contempt proceeding.
 {¶ 32} As this court has previously recognized, R.C. 3105.21(H) is not the only authority for an award of fees in contempt proceedings relating to a divorce decree. Chojnowski v. Chojnowski, Cuyahoga App. No. 81379, 2003-Ohio-298. Indeed, trial courts have discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award. Id. citing State ex rel. Fraternal Order of Police v. Dayton
(1977), 49 Ohio St.2d 219, 230-31. This authority applies in domestic relations proceedings and, therefore, the more specific requirements of R.C. 3105.21(H) do not control in this action. Chojnowski, supra. Based on this authority, we find the trial court did not abuse its discretion by awarding appellee attorney's fees. Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and ANNE L. KILBANE, J., concur.
[1] The parties advised the court at oral argument that the purge conditions had been satisfied. However, it was unclear whether appellant had paid appellee $2,000 for his attorney's fees. Ohio courts have held that compliance with a purge order renders the appeal of a contempt action moot since there is no longer an actual controversy to be decided. Nicholson v. Nicholson (Sept. 6, 2001), Cuyahoga App. Nos. 78595 78756; Caron v. Manfresca (September 23, 1999), Franklin App. No. 98AP-1399; In re Knight (Mar. 16, 1994), Ross App. No. 93CA1965; see, also, Pagliaro v. Pagliaro (Aug. 23, 1993), Clermont App. No. CA93-02-014; Beard v. Beard (Apr. 23, 1992), Greene App. Nos. 91CA18 91CA34; Hammond v. Bishop (Feb. 14, 1991), Cuyahoga App. No. 60035. Because the record is unclear as to whether all of the purge conditions have been satisfied, we shall decide the assignment of error.