{¶ 27} For the reasons stated below, I concur in judgment only in the majority opinion with respect to the Hoecks' second assignment of error. I concur in judgment and opinion in the majority opinion regarding their first and third assignments of error.
 {¶ 28} This court has stated:
 {¶ 29} "Contempt has been classified as direct or indirect. Direct contempt occurs in the presence of the court in its judicial function. R.C. § 2705.01. Indirect contempt involves behavior that occurs outside the presence of the court demonstrating a lack of respect for the court or its lawful orders. State v. Drake (1991), 73 Ohio App.3d 640,643. The distinction between contempt that is civil in nature from that which is criminal depends upon the character and purpose of the punishment imposed. State ex rel. Johnson v. Perry County Court (1986),25 Ohio St.3d 53, 55.
 {¶ 30} "Civil contempt is remedial or coercive in nature and will be imposed to benefit the complainant. Delawder v. Dodson, 4th Dist. No. 02CA27, 2003-Ohio-2092. P9; citing, Pugh v. Pugh (1984), 15 Ohio St.3d 136,139; and Carrol v. Petty (1996) 113 Ohio App.3d 708, 711. In contrast, courts impose criminal contempt in order to punish the contemnor, thus, its primary characteristic is in an unconditional prison term or fine. Id. The burden of proof for civil contempt is clear and convincing evidence, while proof beyond a reasonable doubt must be presented to impose criminal contempt. Delawder, supra at P10." Spickler v. Spickler,
7th Dist. No. 01-CO-52, 2003-Ohio-3553, at ¶ 45-46.
 {¶ 31} The Ohio Supreme Court has stated:
 {¶ 32} "The distinction between civil and criminal contempt is based on the character and purpose of the contempt sanctions. If sanctions are primarily designed to benefit the complainant through remedial or coercive means, then the contempt proceeding is civil. Often, civil contempt is characterized by conditional sanctions, i.e., the contemnor is imprisoned until he obeys the court order. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence or fine. Its sanctions are punitive in nature, designed to vindicate the authority of the court." (Internal citations omitted).Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 16.
 {¶ 33} The distinction between civil and criminal contempt is usually based on the purpose to be served by the sanction. State ex rel.Corn v. Russo (2001), 90 Ohio St.3d 551, 554. "Thus, in determining whether a contempt is civil or criminal, the pertinent test is `what does the court primarily seek to accomplish by imposing sentence?' Shillitaniv. United States (1966), 384 U.S. 364, 370, 86 S.Ct. 1531, 1535,16 L.Ed.2d 622, 627." Id. at 554-55.
 {¶ 34} Furthermore, in discussing the difference between civil and criminal contempt, quoting the United States Supreme Court, the Second District has noted:
 {¶ 35} "`If the relief provided is a fine, it is remedial when it is paid to the complainant, and punitive when it is paid to the court, though a fine that would be payable to the court is also remedial when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order.'" Dayton Women's HealthCtr. v. Enix (1991), 68 Ohio App.3d 579, 592, quoting Hicks v. Feiock
(1988), 485 U.S. 624, 632, 108 S.Ct. 1423, 1430, 99 L.Ed.2d 721, 731.
 {¶ 36} Using these tests, I would conclude the contempt in the present case was civil, rather than criminal as the majority concludes. The trial court did not specify whether the contempt was civil or criminal. However, it stated:
 {¶ 37} "While this Court finds Varner in contempt any award of damages to Movants is tempered by their extended delay in actively seeking to take possession of said property. Had not Varner left these various items exposed to weather the Court would have made no award but the damage done is egregious and upon the same awards to Movants Hoeck, the sum of Two thousand two hundred twenty-five ($2,225.00) dollars." (Aug. 29, 2002, Judgment entry).
 {¶ 38} From these words, the court demonstrated that its purpose in imposing a sanction was to compensate the Hoecks for the damaged property. The majority concludes that the sanction was "designed to vindicate the authority of the court." Opinion at ¶ 15. But the trial court did not focus on upholding its authority. Instead, it appears that the court wished to compensate the Hoecks for Varner's actions in letting their father's property deteriorate. If the court wished only to vindicate its authority, as the majority concludes, it would not have referred to the Hoecks' delay in seeking possession of the property as an offset to damages. It would simply fine Varner for disobeying its orders. However, the court imposed its sanction to benefit the complainants, which is consistent with civil contempt. Furthermore, the fine is to be paid to the complainants, not to the court, which demonstrates its remedial nature.
 {¶ 39} Given that I would conclude the contempt was civil in nature, I would consider the merits of the Hoecks' second assignment of error. They allege the trial court abused its discretion in failing to impose greater sanctions on Varner. Judicial sanctions for civil contempt will not be reversed unless there has been an abuse of discretion.Burchett v. Miller (1997), 123 Ohio App.3d 550, 552, citing State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Based on the record, the trial court did not abuse its discretion. The court held a hearing where it listened to evidence regarding the damaged property. It took into account both the fact that Varner let the property deteriorate outside and the fact that the Hoecks waited to actively seek to take possession of the property. The court balanced these two factors to come up with what it believed to be an equitable sanction against Varner and compensation to the Hoecks. Thus, I would conclude that the trial court did not abuse its discretion in imposing the $2,225 sanction against Varner.