OPINION
{¶ 1} Defendant-appellant, John Howell, II, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which sentenced defendant to 15 days in jail for contempt of court. For the following reasons, we affirm.
 {¶ 2} On July 23, 2003, a magistrate considered a motion filed by defendant's exwife, plaintiff-appellee Karen G. Howell (nka Roberts) that sought, among other things, a contempt order against defendant for failure to pay child support. At the hearing, the magistrate heard sworn testimony by defendant.
 {¶ 3} Following the hearing, the magistrate rendered a decision, wherein she found defendant in contempt, sentenced defendant to a 15-day jail sentence, and suspended the jail sentence on the condition that defendant purge an arrearage in the amount of $5,930.15 at the rate of $80 per month, plus processing charge, until the arrearage was liquidated in full. According to the magistrate's decision, defendant was advised of future penalties if he were again found in contempt, and defendant confirmed that he was aware of possible future penalties. The magistrate continued the matter until December 16, 2003, for further review of the purge order. Finding no error of law or other defect on the face of the magistrate's decision, the trial court adopted the magistrate's decision on July 29, 2003.
 {¶ 4} On December 16, 2003, the Franklin County Child Support Enforcement Agency ("FCCSEA") moved for a continuance after defendant agreed to pay $560 by December 20, 2003. The matter was continued until April 20, 2004.
 {¶ 5} At a hearing on April 20, 2004, the trial court reviewed defendant's compliance with the court's earlier order. Plaintiff, counsel for FCCSEA, defendant, and counsel for defendant were present at this hearing. At the hearing, the trial court heard arguments by counsel for FCCSEA and defendant.
 {¶ 6} According to FCCSEA's counsel, defendant represented to the trial court on December 16, 2003, that he would start regular payments and thereafter the case was continued. (Tr. 3.) FCCSEA's counsel asserted that defendant made payments in August, November, and December, 2003. Id. However, according to FCCSEA's counsel, defendant made no further child support payments since December 19, 2003. Id. FCCSEA's counsel informed the court that as of March 31, 2004, defendant had an arrearage in the amount of $8,211.32. Id. Due to defendant's lack of substantial compliance with the court's orders, FCCSEA, through its counsel, requested the trial court to enforce the earlier jail sentence that had been suspended. Id.
 {¶ 7} Defendant, through counsel, admitted to a spotty employment history and represented that he had difficulty finding gainful employment, even though he was college educated. Id. Defendant's counsel asserted that employers were reluctant to hire a college-educated worker at a lower salary due to a concern that such a worker would be likely to leave a lower-wage job for another job with a higher salary. (Tr. 4.) Nevertheless, despite difficulty in finding gainful employment, defendant's counsel informed the court that defendant had an employment interview scheduled for later that day. Id. FCCSEA, through counsel, did not oppose a plan to allow defendant to attend the job interview (Tr. 5); however, FCCSEA, through counsel, still sought imposition of the suspended jail sentence. (Tr. 6.)
 {¶ 8} Defendant's counsel informed the court that defendant's monthly expenses basically consisted of an automobile lease payment and housing costs. (Tr. 4.) Defendant, through counsel, argued that incarceration would not provide his former spouse with any money. Id. Defendant's counsel informed the court that "[m]y client just whispered in my ear — he thinks that maybe he could, through friends and other sources, come up with a couple thousand bucks. I — if that will satisfy the thing until he s [sic] — tries to get himself a job." (Tr. 6.)
 {¶ 9} Finding defendant's argument was unpersuasive, the trial court stated:
* * * The bottom line is — is that the — the payment history has been too spotty, all right. Looking for a job is a great thing, but you're an educated man and some job can be had and should have been had. So, I'm going to enforce the jail sentence starting at five o'clock today, and if you can secure the job, then we'll certainly give you work release. You need only contact your attorney. And I will certainly allow you to go out and work that job, but it's not fair. It's — it's been over a year and in the course of almost one year there's been one payment made, and you know, if you were going to pay down on it, the time to pay down on it — to borrow money — gather money to pay down on it, was before this hearing. So no, I'm not going to let him go out and go look for money to put down on it. Can't do that. If — if you're taking care of yourself, you can take care of your children, and so you have to report at five o'clock today.
(Tr. 6-7.)
 {¶ 10} On April 23, 2004, having previously found defendant guilty of contempt, the trial court sentenced defendant to 15 days in jail. From this judgment, defendant appeals. By journal entry, this court granted defendant's motion to stay execution of the trial court's judgment conditioned upon defendant's posting of an appearance bond.
 {¶ 11} Defendant assigns three errors for our consideration:
Assignment of Error No. 1:
The trial court erred and abused its discretion when it failed to record a proceeding that resulted in a fifteen (15) day jail sentence, such failure denying defendant-appellant due process of law guaranteed by the 5th and 14th amendments to the constitution of the united states and Article I, section 16 of the ohio constitution.
Assignment of Error No. 2:
The trial court erred and abused its discretion in failing to permit defendant-appellant to present evidence of his inability to find employment and pay support, all in violation of the 5th and 14th amendments to the constitution of the united states and Article I, section 16 of the ohio constitution.
Assignment of Error No. 3:
The trial court erred when it failed to give defendant-appellant the right to purge himself of the contempt.
 {¶ 12} Defendant's first assignment of error asserts the trial court erred because it failed to record the hearing of April 20, 2004. However, since defendant filed his notice of appeal, defendant moved to supplement the record with a transcript of the April 20, 2004, hearing. By journal entry, this court granted defendant's motion. On July 22, 2004, the transcript of the April 2004 hearing was filed with this court.
 {¶ 13} Accordingly, because the trial court in fact did record the hearing at issue, defendant's first assignment of error is overruled.
 {¶ 14} Defendant's second assignment of error asserts that the trial court violated his right to due process because it failed to permit defendant to present evidence of his inability to find employment and pay child support.
 {¶ 15} "The obligation to pay child support is statutory in Ohio under R.C. 3103.03." Carroll v. Detty (1996), 113 Ohio App.3d 708, 711. "A court order providing child support necessarily involves a finding by the court that the obligor is able to pay." Id. "The burden is on the obligor by allegations and proof to establish his or her inability to pay." Id., citing State ex rel. Cook v. Cook (1902), 66 Ohio St. 566.
 {¶ 16} At the hearing of April 20, 2004, although plaintiff, defendant, defendant's counsel, and counsel for FCCSEA were present, no party or their counsel sought to introduce testimony or other evidence. Rather, FCCSEA's attorney and defendant's attorney offered arguments to support their clients' respective contentions. Absent any proffer of evidence by defendant, we cannot conclude that the trial court deprived defendant of an opportunity to present evidence in support of his contentions.
 {¶ 17} Accordingly, defendant's second assignment of error is overruled.
 {¶ 18} Defendant's third assignment of error asserts the trial court erred when it failed to provide defendant with an opportunity to purge himself of contempt.
 {¶ 19} "R.C. 2705.031 authorizes a party who has a legal claim to child support to initiate a contempt action against the obligor for failure to pay child support." Carroll, at 711. Contempt of court "is disobedience of an order of a court or conduct which brings the administration of justice into disrespect or which tends to embarrass, impede or obstruct a court in the performance of its functions." In reContempt of Morris (1996), 110 Ohio App.3d 475, 479, citing Denovchekv. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 15; see, also,Lopez v. Lopez, Franklin App. No. 04AP-508, 2005-Ohio-1155, at ¶ 56. "The law of contempt is intended to uphold and ensure the effective administration of justice." In re Contempt of Morris, at 479. "A court has both inherent and statutory authority to punish a party for contempt." Id., citing Zakany v. Zakany (1984), 9 Ohio St.3d 192; see, also, R.C. 2705.01 and 2705.02.
 {¶ 20} Contempt may be categorized as civil or criminal and it may be further classified as direct or indirect. Lopez, at ¶ 56, citingCarroll, at 711. "Civil contempt is designed to benefit the complainant and is remedial in nature." State ex rel. Petro v. Gitler, Lucas App. No. L-04-1082, 2004-Ohio-5897, at ¶ 30, appeal not allowed (2005),105 Ohio St.3d 1465, 2005-Ohio-1024, citing Pugh v. Pugh (1984),15 Ohio St.3d 136, 139. "[A]n indirect contempt involves acts occurring outside the presence of the court that demonstrates a lack of respect for the court or its lawful orders." Gitler, at ¶ 28, citing R.C. 2705.02. Cf. Brown v. Executive 200, Inc. (1980), 64 Ohio St.2d 250, 253-254
(stating that criminal contempt is usually characterized by an unconditional prison sentence and operates as punishment for a completed act of disobedience and to vindicate the authority of the law and court).
 {¶ 21} For civil contempt, the burden of proof is clear and convincing evidence. Lopez, at ¶ 56, citing Carroll, at 711. A sanction for civil contempt must allow a contemnor to purge himself or herself of the contempt. In re Purola (1991), 73 Ohio App.3d 306, 312, dismissed, jurisdictional motion overruled (1992), 63 Ohio St.3d 1428, citing Tuckerv. Tucker (1983), 10 Ohio App.3d 251; Gitler, at ¶ 30.
 {¶ 22} "Judicial sanctions for civil contempt will not be reversed absent a showing of an abuse of discretion by the trial court." Rudduckv. Rudduck (Jun. 16, 1999), Licking App. No. 98CA85, citing Burchett v.Miller (1997), 123 Ohio App.3d 550, 552, citing State ex rel.Ventrone v. Birkel (1981), 65 Ohio St.3d 10, 11. "`Abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State exrel. Bitter v. Missig (1995), 72 Ohio St.3d 249, 253, citing Rock v.Cabral (1993), 67 Ohio St.3d 108, 112.
 {¶ 23} Here, through its adoption of the magistrate's decision in July 2003, the trial court found defendant in contempt of court, sentenced defendant to a 15-day jail sentence, suspended this jail sentence, and provided defendant with an opportunity to purge his contempt by reducing his outstanding child support arrearage. The apparent purpose of the contempt finding was to ensure compliance with the trial court's order for the benefit of defendant's former spouse. We therefore conclude that the trial court's contempt finding was akin to a civil contempt finding.
 {¶ 24} Because the trial court's July 2003 judgment afforded defendant an opportunity to purge himself of contempt by reducing his outstanding child support arrearage, defendant's contention that the trial court did not provide him with an opportunity to purge himself of contempt is unconvincing.
 {¶ 25} Civil contempt consists of three elements: (1) a prior order of the court, (2) proper notice to the alleged contemnor, and (3) a failure to abide by the court order. Armco, Inc. v. United Steel Workers of Am.,AFL-CIO-CLC (June 21, 2001), Richland App. No. 00-CA-95 (Gwin, J., dissenting).
 {¶ 26} In the present case, through its adoption of the magistrate's decision in July 2003, the trial court provided defendant with proper notice of any future penalties if defendant were again found in contempt and provided defendant with an opportunity to purge himself of contempt by reducing his outstanding child support arrearage. Furthermore, at the hearing of April 20, 2004, the trial court provided defendant with an opportunity to explain his failure to abide by the trial court's earlier order. At this hearing, defendant did not seek to introduce evidence, relying instead upon the arguments of counsel. Under these circumstances, we cannot conclude that the trial court's imposition of a previously suspended jail sentence was unreasonable, arbitrary, or unconscionable.
 {¶ 27} Therefore, absent an abuse of discretion by the trial court, defendant's third assignment of error is overruled.
 {¶ 28} Accordingly, having overruled all three of defendant's assignments of error, we therefore affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
French and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.