DECISION JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Ottawa County Court of Common Pleas, which adopted the magistrate's decision finding appellant Michael L. Brown in contempt of court. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The parties were married in 1989, and three children were born as issue of their marriage. They divorced in 1996. Appellant is in the military and has moved several times, both inside and outside the country. He currently resides with the children in Fort Leavenworth, Kansas. Since 1996, appellee has also lived in several locations, including Korea and North Carolina. She currently lives in Atlanta, Georgia. The trial court modified the divorce decree in 1998, setting up a long-distance visitation schedule. By the terms of that judgment, appellant was to allow the children to visit with appellee for eight weeks in the summer, every other Thanksgiving, half of every Christmas break, and part of every other spring break. The court also ordered that appellant pay for the children's transportation costs in odd numbered years and that appellee pay for the transportation costs in even numbered years. The trial court also ordered that the parties "cooperate in scheduling visitation and in coordinating the transportation of the children including providing accurate addresses, itineraries, flight times, and telephone numbers."
 {¶ 3} During the summer of 2002, appellant, his new wife, and the children were in the process of moving back to the United States from Germany. Appellant informed appellee that he was moving to Kansas but did not specify which city. In the process of preparing for the children's visit to her, appellee arranged plane tickets for the children to return to their father in August. She booked non-refundable tickets for the children to fly from Atlanta to Wichita, Kansas. As for the beginning of the trip, the parties agreed that, shortly after their return to the United States, the children would spend a week or two with their maternal grandparents and appellee would pick them up there. Appellee planned to drive the children from Ohio back to Atlanta and then take a trip with them to Florida. In August, she would return the children to Kansas by way of the flight to Wichita.
 {¶ 4} Upon learning that appellee had booked a flight for the children to Wichita, appellant responded that Wichita was an eight-hour round-trip drive from his home in Fort Leavenworth, and he suggested that appellee instead book the children on a flight to the Kansas City airport, which is within an hour of his home. Appellee responded that she would incur a penalty of $50 apiece to change the tickets, and she did not wish to incur any additional expenses, having already paid $301 for the tickets. She offered instead to pay for appellant's food and lodging for the eight-hour round trip to the Wichita airport, but he refused to accept this offer. Appellee then sent an angry e-mail to appellant, saying, essentially, that she could not afford to put out any more money, that she would take the trip to Florida without the children, and that appellant should explain to the children why they would not be coming for visitation. The children ultimately did not visit their mother, and appellee filed a motion to find appellant in contempt as a result.
 {¶ 5} A magistrate held a hearing on the motion, and following the hearing he found appellant in contempt. The magistrate reasoned that appellant's actions were unreasonable given:
 {¶ 6} "(a) Father's unilateral decision in summer 2001 to require Mother to come from her residence in Georgia to pick up the children in the State of Ohio when flying them from Germany; (b) the parties' history of exercising flexibility in making arrangements for the children's transportation; (c) Mother's offer to pay for gas and hotel expenses for Father's proposed pick-up in Wichita, KS; and (d) lack of evidence that there was a conflict in Father's schedule that would have prevented him from making said pick-up on or about 3 August 2002[.]"
 {¶ 7} The magistrate sentenced appellant to 20 days in jail but suspended the sentence upon appellant's compliance with several purge conditions, including allowing appellee "compensatory" visitation and reimbursing appellee for the unused tickets to Wichita. The trial court approved and adopted the magistrate's decision, and this appeal followed.
 {¶ 8} Appellant presents one assignment of error for our review:
 {¶ 9} "The trial court erred as a matter of law when it held plaintiff in contempt of court in the absence of evidence that plaintiff disobeyed a specific order of the court."
 {¶ 10} We review a trial court's decision finding a party in contempt under the abuse of discretion standard of review. Miller v.Miller (June 22, 2001), Wood App. No. WD-00-063. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, quoting State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 11} Disobedience of a court's order constitutes contempt of court. See Zakany v. Zakany (1984), 9 Ohio St.3d 192, syllabus; R.C2705.02(A). Appellant contends that the trial court did not specifically mention any order that he disobeyed. In fact, according to appellant, he did not deny visitation; appellee declined it. In his decision, however, the magistrate essentially found that appellant violated the portion of the modified order requiring him to cooperate with appellee in visitation matters. The magistrate indicated that he found appellant's behavior unreasonable, and we take that to mean that appellant failed to cooperate with appellee. Therefore, we cannot say that the trial court abused its discretion in finding appellant in contempt of court. Appellant's sole assignment of error is found not well-taken.
 {¶ 12} Upon due consideration, we find that substantial justice was done the party complaining, and the decision of the Ottawa County Court of Common Pleas finding appellant in contempt of court is affirmed. Appellant is to pay the court costs of this appeal.
 JUDGMENT AFFIRMED. Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., Arlene Singer, J., CONCUR.