DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas finding appellant, Brenda Walton, in contempt of court. For the following reasons, we affirm the trial court decision.
 {¶ 2} Appellant sets forth the following single assignment of error:
 {¶ 3} "I. The trial court erred by imposing the 30 day jail sentence as the evidence showed that appellant was compliant with the purge provision and the sentence was unjustly punitive."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. This appeal arises from a divorce action. Appellee, Philip Walton, filed for divorce from appellant on July 9, 2003. From the onset of the divorce filing, appellant has disputed, contested, and failed to cooperate with trial court custody orders regarding the two minor children. On July 6, 2004, the trial court ordered custody of the minor children be governed by a rotating schedule under which each parent would take turns residing in the family home. During each parent's rotation, they simultaneously served as custodial parent for that period.
 {¶ 5} Appellant filed objections to the court order and refused to adhere to it. Appellee filed a motion to show cause on March 18, 2004. On April 23, 2004, the trial court found appellant in contempt. Appellant then filed additional objections based upon alleged lack of specificity of the terms of rotation. In response, the trial court ordered and established an exact, alternating three day/five day rotating schedule. Appellant persisted in her refusal to abide by the court orders.
 {¶ 6} Appellee filed another motion to show cause on May 12, 2004, and a supplemental motion to show cause on May 17, 2004. On May 27, 2004, the trial court rejected appellant's objections and affirmed the orders. Appellant remained entrenched in her refusal to honor the orders of the court. Appellee continued to be denied his scheduled rotations with his children. Appellee filed an additional motion to show cause on June 15, 2004. In turn, appellant filed a motion to suspend the rotation on June 18, 2004.
 {¶ 7} On July 27, 2004, the court conducted oral arguments on all pending motions. On October 7, 2004, the trial court issued its decision holding appellant in contempt of court. The court concluded appellant knowingly and deliberately refused to permit appellee his court ordered parenting time on multiple occasions.
 {¶ 8} In conjunction with its civil contempt holding, the trial court furnished appellant with an opportunity to purge herself of the contempt. The conditions established by the court to enable appellant to purge herself included: (1) permitting court ordered parenting rotations to occur without interference; (2) ceasing discussions of these disputes with the minor children and ceasing derogatory remarks regarding appellee in front of the minor children; and (3) payment of a nominal $100 in attorney fees.
 {¶ 9} A hearing was scheduled to determine whether appellant complied with the purge conditions. The purge hearing was conducted on December 20, 2004. Following a lengthy and thorough purge hearing, the trial court determined that appellant failed to comply with the purge conditions. The previous sanctions were ordered imposed. Appellant filed a timely notice of appeal.
 {¶ 10} This court has repeatedly affirmed that its review of a trial court contempt determination is conducted pursuant to an abuse of discretion standard of review. Brown v. Brown, 6th Dist. No. OT-02-042, 2003-Ohio-5676, at ¶ 10. Controlling Supreme Court of Ohio precedent establishes that an abuse of discretion constitutes more than an error of law or judgment. In order to find an abuse of discretion, it must be shown that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In her sole assignment of error, appellant asserts that the trial court erred in finding her in contempt of court and the contempt finding was an abuse of discretion. In support, appellant generically argues that the disputed contempt finding should be deemed a criminal contempt finding, rather than a civil one. Appellant then maintains that she "substantially" complied with the purge orders. Appellant then summarily concludes her claimed substantial compliance renders the contempt sentence excessive and unjust. Appellant fails to furnish any relevant or compelling case law in support of her underlying argument that substantial compliance is a valid defense to contempt.
 {¶ 12} We find appellant's portrayal of her failure to comply as, "being late for one rotation" a gross understatement of the record in this case. The record shows appellant did not comply with the custody orders on numerous occasions. The record includes a wealth of testimony from both Perrysburg police officers and appellant herself unequivocally establishing appellant's repeated contempt of court. The record shows that appellant went to great lengths to deny appellee his scheduled parenting rotations, including taking the children out of state. Appellant's behavior speaks volumes as to her repeated disregard for what is in the best interest of her children.
 {¶ 13} This court has consistently held that courts are vested with both inherent and statutory authority to impose punishment upon those who fail to comply with previously issued court orders. Ruetz v. Ruetz, 6th Dist. No. L-02-1153, L-02-1037, 2003-Ohio-4091, at ¶ 33. R.C. 2705.02
concisely establishes, "A person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer." The record in this case constitutes a textbook example of contempt of court. Despite unsupported and superficial allegations to the contrary, there was no compliance, substantial or otherwise. Compliance with existing court orders is not optional or subject to negotiation.
 {¶ 14} We find the trial court did not abuse its discretion in holding appellant in contempt of court. Appellant's sole assignment of error is found not well-taken. The judgment of the Wood County Court of Common Pleas is affirmed.
 {¶ 15} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. Concur.