OPINION
{¶ 1} Defendant-appellant Rex A. Hasch ("Rex") brings this appeal from the judgment of the Court of Common Pleas of Defiance County, Domestic Relations Division, finding him in contempt of court.
 {¶ 2} On November 15, 2001, plaintiff-appellee Linda S. Hasch ("Linda") filed an action for divorce. The parties mediated the property settlement with only the issue of spousal support and attorney fees remaining for trial. On March 21, 2003, a trial was held before a magistrate. The individual income tax returns for 2002 were not completed at that time. The tax returns were completed prior to April 15, 2003, and filed with the court. The tax returns showed joint liability of $10,449.00. Rex requested Linda pay ½ of the tax debt and she refused. Rex paid the tax debt by borrowing the money from Hasch Body Shop, Inc.
 {¶ 3} On June 27, 2003, a magistrate's decision was made concerning the trial. The decision was silent as to the tax liability of the parties but did require each party to assume all personal obligations incurred since the date of separation. Magistrate's decision, 7. The decision also required Rex to be responsible for all debts associated with Hasch Body Shop, Inc. Rex was required to pay Linda $70,000.00 within 90 days of the decision. Objections were filed and subsequently withdrawn. On September 15, 2003, the trial court adopted the magistrate's decision.
 {¶ 4} On January 8, 2004, Linda filed a motion for contempt claiming that Rex had failed to pay the full $70,000.00 within 90 days of final judgment. The motion claimed that Rex still owed her $5,224.50. Rex then filed a motion for contempt claiming that he did not receive all items granted him under the mediated agreement. On April 26, 2004, Linda filed a second motion for contempt claiming that Rex had damaged the garage area and removed unauthorized items.
 {¶ 5} A hearing was held on all three contempt motions on May 7, 2004. The magistrate filed his decision on July 12, 2004, finding Rex in contempt of court and finding that Linda had not violated the court order. The magistrate ordered Rex to return certain items or reimburse Linda for them, to pay for the repair of the garage ceiling, and to pay Linda the outstanding $5,224.50 plus 10% interest from December 14, 2003. Additionally, the magistrate fined Rex $500.00 and ordered Rex to pay Linda's attorney fees. Rex filed objections to this decision. On April 22, 2005, the trial court entered judgment modifying the decision. Rex appeals from this judgment and raises the following assignments of error.
The trial court committed reversible error by requiring [Rex]to pay the parties' 2002 federal, state and local tax obligationsin full, even though the parties filed joint income tax returnsand had a tax liability of $10,449.00. The trial court committedreversible error in not allowing [Rex] to deduct one-half of thistax liability from the property settlement [Rex] owed [Linda].
 The trial court committed reversible error by finding [Rex] incontempt of court for improperly removing certain personalproperty from the marital premises, not leaving the property ingood condition, and intentionally causing damage to theproperty.
 {¶ 6} When reviewing a trial court's ruling finding a party in contempt of court, the standard of review is abuse of discretion. Walton v. Walton, 6th Dist. No. WD-05-002,2005-Ohio-5734. An abuse of discretion is more than an error of law or judgment, but rather a showing that the trial court's attitude was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 7} In the first assignment of error, Rex claims that the trial court erred in finding him solely liable for the tax debt. The judgment of the court acknowledges that the issue of tax liability was not addressed in the original judgment. The trial court then went on to determine that the tax liability was a debt of the corporation for which Rex would be liable under the terms of the judgment. However, this decision is contrary to the facts. The determination of the nature of the debt rests not on how it is paid, but on how it is incurred. The uncontradicted testimony was that the parties frequently paid their individual tax liability by borrowing the money from the corporation. Tr. 109. This debt was treated as individual debt of the parties to the corporation. Id. Individual income taxes are not, and cannot be found to be, a debt of the corporation. Rather the loan from the corporation the parties is a debt to the corporation owed by both parties jointly and severally. If Rex had not borrowed the money from the corporation to pay the debt, as had been the standard practice of both parties over the prior years, both parties would owe money to the various taxing authorities.[1] Therefore, the trial court erred in finding that the individual tax liability for 2002 was a corporate debt rather than a joint personal obligation of the parties.[2]
 {¶ 8} Additionally, the trial court erred in requiring interest on its judgment at a rate of 10%. Pursuant to R.C.1343.03, as effective June 2, 2004, the appropriate interest rate on a judgment is determined pursuant to R.C. 5703.47. R.C.5703.47 provides that the federal short term interest rate shall be determined on October 15 of each year. The appropriate interest rate for judgments is the federal short term interest rate rounded to the nearest whole number plus three per cent. R.C. 5703.47. This number shall then be the interest rate per annum used during the following calendar year. Id. The final judgment in this matter was filed on April 22, 2005. Pursuant to the Ohio Tax Commissioner's Computation, the applicable maximum tax rate under R.C. 5703.47 for 2005 is 5%. Oct. 15, 2004, Adm. Journal Entry of Tax Commr. Thus, the trial court erred by imposing an interest rate beyond the statutory maximum. The first assignment of error is sustained.
 {¶ 9} Rex claims in the second assignment of error that the trial court erred by finding him in contempt of court for damaging property and taking fixtures from the marital residence. The trial court independently reviewed the evidence concerning every item claimed in the motion for contempt. Based upon the evidence before it, the trial court determined that some items had been properly removed, some items were removed improperly, and some items lacked conclusive evidence either way. The trial court also concluded that Rex had admitted damaging the property by cutting a hole in the garage ceiling. A review of the record indicates that the evidence presented supports these findings. Thus, the trial court did not abuse its discretion in finding such. The second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Defiance is affirmed in part and reversed in part. The matter is remanded for further proceedings.
Judgment Affirmed in Part, Reversed in Part and CauseRemanded.
 Cupp, P.J., and Shaw, J., concur.
[1] The total tax bill included income tax due to the Internal Revenue Service, the State of Ohio, and the local municipality.
[2] Although the amount of the tax liability was not known at the time of the hearing in March 2003, the parties should have known, and the court should have been aware from reviewing the prior year's tax returns, that individual income taxes would be owed. To not allow a set off of the income tax owed by the parties would be to grant Linda an additional benefit and reduce the value of Rex's share resulting in an inequitable distribution contrary to the court's original judgment.