OPINION *Page 2 
{¶ 1} Defendant-Appellant, John Davisson, appeals from the judgment of the Union County Court of Common Pleas sentencing him to a thirty day jail term. On appeal, Davisson argues that the trial court's finding that he had not purged himself of contempt was against the manifest weight of the evidence, and that the trial court abused its discretion by finding that he did not purge himself of contempt based on his failure to comply with a condition not contained in the trial court's January 2008 journal entry. Based on the following, we affirm the judgment of the trial court.
 {¶ 2} In 1994, the Millcreek Township Board of Zoning Appeals ("BZA") issued a conditional use permit ("CUP") to Davisson, allowing him to operate his excavation business on his property located at 12140 Watkins Road, Marysville, Ohio ("the property"). In 2000, Davisson applied for and was granted a renewal of the CUP. In 2003, the Millcreek Township Board of Trustees ("Trustees") brought suit against Davisson, alleging a violation of the CUP, requesting an injunction and temporary restraining order to prevent him from operating additional businesses on the property, and requesting him to remove or screen various materials, equipment, and debris on the property. In 2004, the Trustees and Davisson stipulated to an agreed journal entry, in which Davisson admitted to violating the CUP, and agreed not to operate any other businesses on the property *Page 3 
which are not incidental to the excavation business, specifically Wolverine Trucking and Equipment, LLC, Cheetah Express, and Gopher Leasing. Additionally, the entry required Davisson to screen tanks, materials, and other debris located on his property; to remove any junk motor vehicles still remaining on the property; and, to not return any of the trailers that were removed from the property.
 {¶ 3} In May 2006, the Trustees filed a motion to show cause against Davisson, alleging that he was in contempt of the 2004 journal entry by continuing to operate non-excavation related business on the property, and by failing to erect screening to hide various debris, materials, and equipment on the property.
 {¶ 4} In September 2006, after a hearing on the motion, the trial court found Davisson in contempt for continuing to operate non-excavation related businesses on the property in violation of the 2004 agreed journal entry, and for continuing to operate any business on the property after the CUP expired. But, the court found Davisson was not in contempt for failing to screen various debris, equipment, and materials, as he had made efforts to comply with that requirement. The trial court sentenced Davisson to a thirty day jail term, subject to the condition that he may purge himself of the contempt by "removing from 12140 Watkins Road all tools, vehicles, materials, inventory and debris obtained as a result of the *Page 4 
business activities conducted on the premises * * *." (Sep. 2006 Journal Entry, pp. 1-4).
 {¶ 5} In October 2007, this Court affirmed in part, and reversed in part, the trial court's September 2006 journal entry, finding that the trial court did not err in pronouncing Davisson in contempt for operating non-excavation related businesses on the property, but finding that the trial court erred in ruling that Davisson was not permitted to operate the excavating business on the property, as the BZA lacked the authority to impose a time limit on the CUP.
 {¶ 6} In January 2008, the trial court issued another journal entry pursuant to this Court's October 2007 decision. The journal entry stated, in pertinent part:
 [I]t is ordered that Defendants remove all equipment, machinery, supplies, inventory and implements used in any business enterprise or operation, from the premises for which the CUP has been granted, and cease any business enterprise or operation on the premises, other than that of an excavation business as found by the Third District Court of Appeals. * * * [F]or the purpose of purging the contempt, said time for removal of equipment, machinery, supplies, inventory and implements is extended and shall be completed on or before February 22, 2008.
(January 2008 Journal Entry, p. 2)
 {¶ 7} In February 2008, the trial court, sua sponte, filed a journal entry, setting a hearing for March 2008 to determine if Davisson had purged himself of contempt. *Page 5 
 {¶ 8} In the March 2008 hearing, several pictures of Davisson's property were introduced into evidence, and the following testimony was adduced.
 {¶ 9} Steven Hall, zoning inspector for Millcreek Township, testified that he took numerous photographs of Davisson's property on March 1 and 18 of 2008; that there were numerous pieces of equipment on the property that relate to Davisson's excavation business, including backhoes, bulldozers, drainage tiles, and trailers; but, that Davisson has not removed all non-excavation equipment from the property. While testifying, Hall was shown the numerous photographs of Davisson's property and stated that there were square plastic containers that he did not believe were used in an excavation business; that there was a small trailer that could be used for carrying lawnmowers but not excavation equipment; that there was a tanker trailer with no license plate tags on it that he did not believe could be used for excavation activities; that there were box trailers with no license plate tags that he did not think could be used for excavation; and, that there was a trash trailer with tires and other miscellaneous items in it that appeared to be unrelated to excavation. Hall continued that, because the property still appears to contain equipment and materials unrelated to an excavation business, the trial court should impose the thirty day sentence on Davisson for failing to purge himself of contempt. *Page 6 
 {¶ 10} On cross-examination, Hall admitted that he was not sure whether the box trailers were not being used for the excavation business; that he did not know exactly whether several miscellaneous containers on the property were used for excavation related activities; and, that a piece of equipment with no tires on it could be used to remove parts for use on other excavation equipment.
 {¶ 11} The trial court then asked Hall to review the photographs and state which ones he thought depicted equipment or materials unrelated to the excavation business. After going through all photographs, Hall pointed out exhibits 1-5, 7, 11-14, 17, 20, 24-26, and 29 as photographs revealing non-excavation related materials and equipment.
 {¶ 12} After Hall concluded his testimony, Davisson then testified that he currently operates an excavation company on the property; that, to the best of his efforts, he removed all machinery and equipment from the property unrelated to the excavation business; that he has trucks coming in and out of the property, but only for the excavation business; that his last excavation job was in the past month; that he also owned a leasing company and for-hire carrier business; but, that neither of these business are still operating. Davisson continued that one of the box trailers with no license plate was used to haul various materials for the excavation business; that he used the trailer as early as last fall; that the license plate tags had expired on the trailer; that he does not typically remove the entire *Page 7 
license plate when the tags expire; but, that he had transferred the registration on the trailer from his for-hire carrier business to the excavation company. When asked when he had transferred title to the trailer, Davisson testified that he could not recall the date, and he was even unsure of whether he had actually transferred title to the excavation company, although he stated he believed that he had done so.
 {¶ 13} When asked about various items on the property, Davisson testified that the small trailer on his property was used to haul his lawnmower; that the plastic containers on the property were pallets used to ship materials for the excavation business; that he was no longer using the pallets but decided to keep them in case he might need them; that the empty containers on the property were used to ship bulk oil for excavation equipment; that he was not currently using the empty containers but kept them in case he needed to store liquid; that the tanker trailer on the property contains propane which is used to heat the maintenance building; and, that the trailer with tires in it was mandated by the EPA to store his old tires when he takes them off excavation equipment. Davisson also stated that, although some of the equipment has not moved for an extended period of time because his excavation business is very slow during the winter months, he stores that equipment on the property for use in future excavation work. *Page 8 
 {¶ 14} On cross-examination, Davisson admitted that he currently operates a manure hauling business; that this business is operated out of his parents home; but, that the trucks and other equipment for that business are not located at his parents home but "just stay on this site." (March 2008 Hearing Tr., p. 70). Additionally, Davis stated that he had bricks on the property that were from a building he demolished, but that he was keeping the bricks for clean fill.
 {¶ 15} After all testimony was heard, the trial court found Davisson had not purged himself of contempt and ordered him to immediately serve the thirty day jail term. The trial court's judgment entry stated, in pertinent part:
 The Court finds that the Defendant, John Davisson * * * continues to have items on the property located at 12140 Watkins Road which are in violation of this Court's previous Orders. Further, the Court finds that the Defendant has materials, equipment, and other items on the property that are not currently being used in an excavation business. Further, the Court also finds that there are items on the property such as plastic crates and old oil containers which are not being used in any excavation business and have, in fact, been discarded but which remain on the property and are in violation of this Court's prior Orders.
(March 2008 Judgment Entry, p. 1).
 {¶ 16} It is from this judgment that Davisson appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT'S JOURNAL ENTRY IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE *Page 9 EVIDENCE BECAUSE THE BOARD FAILED TO PROVE, BY CLEAR AND CONVINCING EVIDENCE, THAT MR. DAVISSON HAD NOT PURGED HIMSELF OF CONTEMPT. Assignment of Error No. II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT BASED ITS FINDING OF CONTEMPT ON A REQUIREMENT THAT WAS NOT CONTAINED IN THE JOURNAL ENTRY OF JANUARY 22, 2008, AND, THEREFORE, DEPRIVED APPELLANT OF HIS DUE PROCESS RIGHTS.
 {¶ 17} Due to the nature of Davisson's arguments, we elect to address his two assignments of error together.
 Assignments of Error Nos. I and II {¶ 18} In his first and second assignments of error, Davisson argues that the trial court's finding that he failed to purge himself of contempt was against the manifest weight of the evidence, and that the trial court abused its discretion by finding he had not purged the contempt charge based on his failure to comply with a requirement that was not contained in the trial court's January 2008 journal entry. Specifically, Davisson contends that the Trustees were not able to demonstrate, by clear and convincing evidence, that there was equipment and machinery not used in the excavation business on the property; that his own testimony demonstrated all equipment and materials on the property are used in his excavation business; and, that the trial court erred by finding that he had failed to purge himself of contempt on the basis that some of the equipment and *Page 10 
materials were not being "currently used" in the excavation business, a requirement not found in the trial court's January 2008 journal entry. We disagree.
 {¶ 19} Contempt of court is a disregard of the court's authority which "tends to bring the administration of the law into disrespect and * * * impede, embarrass or obstruct the court in the performance of its functions." In re Green (1961), 172 Ohio St. 269, 273 (citations omitted), overruled on other grounds, In re Green (1962), 369 U.S. 689. A trial court is permitted to employ sanctions in order to force a party who is in contempt to comply with a court order. Peach v. Peach, 8th Dist. Nos. 82414, 82500, 2003-Ohio-5645, ¶ 37. Any civil contempt sanction must give the party against whom the contempt has been levied an opportunity to purge the contempt. Carroll v. Detty (1996),113 Ohio App.3d 708, 712, citing In re Purola (1991), 73 Ohio App.3d 306. The party held in contempt bears the burden to establish that he has complied with the trial court's purging conditions. State v.Miller, 5th Dist. No. 02 CA 16, 2003-Ohio-948, ¶ 28, citingPurola, 73 Ohio App.3d at 311. Furthermore, an appellate court reviews the trial court's finding on the contempt purging under an abuse of discretion standard. Walton v. Walton, 6th Dist. No. WD-05-002,2005-Ohio-5734, ¶ 10, citing Brown v. Brown, 6th Dist. No. OT-02-042,2003-Ohio-5676, ¶ 10; Denovcheck v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16, citing U.S. v. United Mine *Page 11 Workers of America (1947), 330 U.S. 258, 303. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 20} In this case, the trial court found that Davisson had not purged himself of the contempt order, as he failed to remove all equipment, materials, and supplies from the property that were not being currently used in his excavation business, or that were not used in any excavation business, in violation of the court's January 2008 journal entry. Davisson contends that this finding is not supported by the evidence presented at the hearing, and that the trial court was without authority to find a lack of purging on the basis that there was equipment and materials not "currently being used" in the excavation business, as the January 2008 journal entry only required that materials and equipment unrelated to the excavation business be removed, not excavation materials and equipment not currently in use.
 {¶ 21} We first note that Davisson misstates the burden of proof at the purging hearing by asserting that the Trustees failed to prove, by clear and convincing evidence, that he had not purged himself of contempt. The clear and convincing evidence standard is the standard to be met by the moving party on a *Page 12 
motion to show cause for contempt. Dewsnap v. Dewsnap, 12th Dist. No. CA2007-09-094, 2008-Ohio-4433, ¶ 49, citing Hueber v. Hueber, 12th Dist. Nos. CA2006-01-004, CA2006-02-019, CA2006-02-020, 2007-Ohio-913. Here, Davisson had already been found in contempt in September 2006, and the issue at the hearing was whether he had purged himself of that contempt by complying with the trial court's order. As such, the burden of proof was on Davisson to show that he had complied. Miller, 2003-Ohio-948, at ¶ 28, citing Purola, 73 Ohio App.3d at 311.
 {¶ 22} In reviewing the testimony presented at the hearing, sufficient evidence supported the trial court's finding that Davisson failed to remove materials and equipment from the property that were not related to the excavation business. Steven Hall, witness for the Trustees, testified to extensive materials and equipment on the property that he believed were not related to an excavation business, including a small trailer, several box trailers, plastic containers, and several other items. While Davisson testified that many of these materials and pieces of equipment were, in fact, used in his excavation business, his testimony was the only evidence he presented of the excavation-related use of these materials and equipment. Because the determination of credibility is primarily a matter for the trial court, State v.Jones (1990), 3d Dist. No. 1-89-32, 1990 WL 197871, we find that the trial court did not abuse its discretion in finding that Davisson failed *Page 13 
to meet his burden of proof to demonstrate that he had removed all materials and equipment from the property that were not related to his excavation business.
 {¶ 23} Furthermore, even if Davisson's testimony could be viewed as credible enough to demonstrate that these various items were, in fact, used in his excavation business, a statement Davisson made at the hearing would be sufficient, alone, to support the trial court's finding. During his testimony, Davisson admitted that he had been parking trucks for his manure business "on this site" (March 2008 hearing tr., p. 70), thereby evidencing the fact that he continued to use the property for business purposes other than his excavation business.
 {¶ 24} Concerning Davisson's argument that the trial court erred by finding a lack of purging based on his failure to comply with a requirement not contained in the trial court's journal entry, we find that the trial court's pronouncement of Davisson's failure to purge is sufficiently based on his failure to meet requirements that were imposed upon him in the trial court's January 2008 journal entry. While Davisson is correct to assert that the January 2008 journal entry does not expressly require him to remove equipment and materials not currently being used in the excavation business, but rather requires him to only remove materials and equipment which are unrelated to his excavation business, the trial court did base its finding of a failure to purge on the fact that Davisson had failed to remove *Page 14 
all materials and equipment that were unrelated to his excavation business, an express requirement in the entry. In addition, the conditions of the purge order were originally contained in the judgment entry on contempt dated September 2006. The January 2008 order was a clarification or supplement to that original order of contempt, based on this Court's partial affirmance in Bd. of Trustees, Millcreek Twp. v.Davisson, 3d Dist. Nos. 14-06-49, 14-06-50, 2007-Ohio-5491. As such, we find no error in the trial court's March 2008 judgment entry finding that Davisson had failed to remove property "not currently being used in an excavation business."
 {¶ 25} We find that the trial court was presented with competent, credible evidence sufficient to support its stated conclusions. Therefore, we cannot say that the trial court abused its discretion in finding that Davisson had failed to purge himself of contempt.
 {¶ 26} Accordingly, we overrule Davisson's first and second assignments of error.
 {¶ 27} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and PRESTON, J., concur. *Page 1