[Cite as *Sorice v. Sorice*, 2023-Ohio-4012.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

ANN M. SORICE,

Petitioner-Appellee,

v.

ELIO SORICE,

Respondent-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 MA 0014

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division,
of Mahoning County, Ohio
Case No. 20 DV 628

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Louis E. Katz*, for Petitioner-Appellee Ann M. Sorice and

*Atty. Matthew C. Giannini*, for Respondent-Appellant Elio Sorice.

Dated: November 2, 2023

**HANNI, J.**

{¶1} Respondent-Appellant, Elio Sorice, appeals from a Mahoning County Common Pleas Court judgment overruling his objections to a magistrate's order granting Petitioner-Appellee, Ann M. Sorice's, motion for contempt of a domestic violence protection order.

{¶2} During the relevant times in this case, the parties were married with their divorce pending.

{¶3} Appellee filed a petition for a domestic violence civil protection order (CPO) on November 18, 2020, against Appellant. The trial court issued an ex parte CPO that day and set the matter for a hearing.

{¶4} After a hearing on the petition, the trial court issued a CPO on January 5, 2021, to be in effect until December 30, 2025. The CPO ordered Appellant to vacate the marital home and to have no contact with Appellee.

{¶5} On July 13, 2021, Appellee filed a motion for contempt of the CPO. A magistrate set the matter for a show cause hearing.

{¶6} After several continuances, the matter proceeded to a hearing on February 25, 2022. Appellant stipulated to a finding of contempt. The court found Appellant in contempt. As a sanction, the court sentenced Appellant to 30 days in jail but suspended the sentence and provided Appellant the opportunity to purge the contempt by strictly complying with the CPO. The court set the matter for a review hearing on August 16, 2022 before the magistrate to determine whether Appellant had complied with its orders or whether the jail sentence should be carried out.

{¶7} On May 5, 2022, Appellee filed a second motion for contempt of the CPO, alleging Appellant again violated the terms of the CPO. The trial court set the matter for a show cause hearing. The magistrate held a hearing on June 23, 2022 and denied Appellee's motion finding that Appellant was not in contempt of the CPO for having a bank contact Appellee regarding an appraisal.

{¶8} The magistrate next began the previously scheduled review hearing on August 16, 2022 and it continued on October 27, 2022. Both parties testified. The

magistrate found that Appellant violated the CPO since the last hearing. Specifically, the magistrate found that Appellant violated the CPO's terms that he not harass Appellee, that he not initiate any contact with Appellee, and that he attend a domestic violence program. Based on these findings, the magistrate found that Appellant had not purged the previous finding of contempt and imposed the 30-day jail sentence.

{¶9} Appellant subsequently filed a motion for stay of execution of his sentence and objections to the magistrate's decision. The court granted the stay of execution while the objections were pending.

{¶10} On January 17, 2023, the trial court issued its judgment overruling Appellant's objections and ordering Appellant to serve his jail sentence.

{¶11} Appellant filed a motion in the trial court to stay his sentence as he planned to file an appeal. The trial court denied this motion.

{¶12} Appellant filed a timely notice of appeal on February 2, 2023. He also filed a motion for a stay of execution of his sentence with this court, which we granted.

{¶13} On August 25, 2023, Appellant's counsel filed a notice that Appellant passed away on August 24, 2023. Thus, this appeal is moot.

{¶14} Nonetheless, even if we were to proceed to the merits, the practical result would remain the same.

{¶15} Appellant's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT FAILED TO PURGE HIS CONTEMPT SANCTION AND IN SENTENCING APPELLANT TO THIRTY (30) DAYS IN JAIL.

{¶16} Appellant argued the trial court abused its discretion in finding that he did not purge his contempt. He asserted the only contact he had with Appellee was at their divorce hearing and that while he contacted Community Corrections Association about the domestic violence program, he did not attend it because he was not going to have contact with Appellee. Additionally, Appellant asserted that Appellee's testimony that he threatened her in the hallway of the courthouse was not credible. He contended that he substantially complied with the CPO and, therefore, the trial court abused its discretion in finding that he did not purge the contempt.

**{¶17}** An appellate court's standard of review of a trial court's contempt finding is abuse of discretion. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). An abuse of discretion exists if the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶18}** In a civil contempt case, such as the one at bar, the purpose of the punishment is to coerce the contemnor to obey a judicial order for the benefit of a third party. *Nichol v. Nichol*, 7th Dist. Mahoning No. 97-CA-143, 2000 WL 652537 (May 8, 2000), citing *Carroll v. Detty*, 113 Ohio App.3d 708, 711, 681 N.E.2d 1383 (4th Dist.1996). Further, the "'contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as ordered.'" *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984), quoting *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). Civil-contempt sanctions, such as a jail sentence, are merely conditional. Therefore, the trial court is obligated to provide the contemnor with a means to purge his contempt. *Nichol*, *supra*, citing *State v. Kilbane*, 61 Ohio St.2d 201, 206-207, 400 N.E.2d 386 (1980).

**{¶19}** Regarding a purge hearing, the Ohio Supreme Court has stated:

> A purge hearing is not a new contempt proceeding but a conclusion of the originating contempt hearing, because its purpose is to determine whether the contemnor has satisfied the purge conditions. If the conditions are unfulfilled, the court is entitled to enforce the sentence already imposed, the sanction that could have been avoided by the contemnor's compliance.

*Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 16.

**{¶20}** At the purge review hearing, the contemnor bears the burden to establish that he has complied with the trial court's purging conditions. *Millcreek Twp. Bd. of Trustees v. Davisson*, 3d Dist. Union No. 14-08-18, 2008-Ohio-5315, ¶ 19, citing *State v. Miller*, 5th Dist. Holmes No. 02 CA 16, 2003-Ohio-948, ¶ 28.

**{¶21}** In this case, both parties testified at the purge review hearing.

**{¶22}** Appellee testified that during the parties' divorce hearing three weeks prior, she walked past Appellant in the hallway and he stated, "lady you're f***ing with my life"

Case No. 23 MA 0014

and "[j]ust remember, you're going to get what's coming to you." (Tr. 5). She stated that she then pounded on the door where her attorney was and told him she needed him. (Tr. 6). When asked if she felt threatened by Appellant, Appellee responded that she did feel threatened. (Tr. 8). She stated that her attorney had Appellant sit in the law library away from her. (Tr. 7).

{¶23} Appellant testified that he never said a word to Appellee when they were in hallway awaiting their divorce hearing. (Tr. 26). He stated Appellee was lying. (Tr. 26). Appellant did admit, however, that he did not attend the domestic violence program at CCA as ordered in the CPO. (Tr. 22-23, 25-26).

{¶24} Appellant claims he was in substantial compliance with the CPO and, therefore, should have been found to have purged his contempt. Substantial compliance with a court order can be a defense to a charge of contempt. *McCree v. McCree*, 7th Dist. Mahoning No. 08 MA 109, 2009-Ohio-2639, ¶ 27. But in this case, the court had already found Appellant in contempt, to which Appellant stipulated. Therefore, he cannot challenge the initial finding of contempt. Moreover, after finding Appellant in contempt, the court provided Appellant with the opportunity to purge the contempt stating: "However, the jail sentence is temporarily suspended and Respondent is given the opportunity to purge himself of contempt and avoid serving time in jail by *strictly complying* with the civil protection order." (Emphasis added; March 29, 2022 J.E.). Thus, substantial compliance was not a defense in this situation. Appellant was required to strictly comply with the CPO from the date of the finding of contempt until the date of the review hearing in order to purge his contempt.

{¶25} Moreover, the testimony set out above supports the trial court's finding that Appellant did not comply with the CPO during the purge term. Appellee testified that Appellant threatened her in the courthouse hallway prior to their divorce hearing. And while Appellant testified that he did not speak to or threaten Appellee, the magistrate found Appellee's testimony to be more credible. Specifically, the magistrate noted: "The court carefully observed the demeanor of both parties as they testified. Ann [Appellee] was the more credible witness. The court finds that Elio [Appellant] did make the statements as alleged by Ann above." This was a matter of witness credibility. The trier of fact occupies the best position to watch the witnesses and observe their demeanor,

gestures and voice inflections and to utilize these observations in weighing credibility. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Thus, we will not second-guess the magistrate's judgment on credibility.

**{¶26}** Additionally, Appellant himself testified that he did not attend the domestic violence program at CCA as ordered as a term of the CPO. And since the trial court ordered Appellant to strictly comply with the CPO in order to purge his contempt, Appellant's testimony alone demonstrated that he failed to comply with the purge conditions.

**{¶27}** Based on the above, the trial court did not abuse its discretion in overruling Appellant's objections and ordering Appellant to serve his jail sentence.

**{¶28}** Thus, even if this appeal was not moot, the end result would remain the same. For the reasons stated above, this appeal is moot and is dismissed.

Waite, J., concurs.

Robb, J., concurs.

Case No. 23 MA 0014

[Cite as *Sorice v. Sorice*, 2023-Ohio-4012.]

———————————————

For the reasons stated in the Opinion rendered herein, this appeal is dismissed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**